## THE NATIONAL LOCK WASHER COMPANY v. ROYAL INDEMNITY COMPANY.

Decided July 30, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the rule, *Reed & Reynolds.*

*Contra, John W. McGeehan, Jr.*

PER CURIAM.

The rule in this cause was allowed for the purpose of testing the validity of a verdict rendered in favor of the defendant. The plaintiff sued upon a contract of insurance, the purpose of which was to protect it from loss resulting from the breaking down of a motor which was installed in its steel rolling mill, at Riverside, New Jersey, for the purpose of furnishing power to its rollers. The case made by the plaintiff was that during the continuance of the policy, and while the motor was running at high speed, an accident occurred to it, which was indicated by vibrations and by failure to operate at its usual speed when running on high tension; and that when this condition was discovered the motor was stopped, and an examination showed that it was out of order and needed repair. The plaintiff thereupon caused the repair to be made, and brought this suit to recover from the insurance company the expense of that repair, and also the loss resulting from the cessation of operation.

The rights of the parties depend upon the following provision in the policy, which, after declaring that the defendant company should be responsible for any loss resulting in the stoppage of work due to any indirect results of breakdown, then declares that "breakdown shall mean sudden, substantial and accidental breaking or burning out of the machine, or any part thereof, while in use, or installed and connected ready for use, which immediately stops the functions of the machine and which necessitates repair or replacement before its functions can be restored." The verdict of the jury was evidently based upon its conclusion that the proofs as submitted by the plaintiff failed to show that there had been such a breakdown of its motor as was covered by the policy; and, having so concluded, it was justified under the charge of the court, in returning the verdict which the plaintiff now attacks.

The law of the case was properly charged by the court, and there was no error in the refusal to charge certain requests submitted by the defendant except as they had been charged.

The rule to show cause will be discharged.